**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 16-21654-CMB |
| | : | |
| JASON P. DORNBERGER | : | Chapter 7 |
| SARA A. DORNBERGER | : | |
| *Debtor* | : | Doc. No. 60 |
| | : | |
| Natalie Lutz Cardiello, Trustee | : | Related to Doc. No. 47 |
| | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| United States of America, Internal Revenue | : | |
| Service; Commonwealth of Pennsylvania, | : | |
| Department of Revenue; County of | : | |
| Allegheny; Borough of Baldwin; Baldwin- | : | |
| Whitehall School District; Jordan Tax | : | |
| Service; Legal Tax Service and | : | |
| Bank of America, N.A. | : | |
| | : | |
| Respondents | : | |

**ORDER OF COURT**

AND NOW, to wit, this **18th** day of **April, 2017**, the Court having considered the Motion to Sell Real Property Free and Clear of Third Party Interests, Liens, Claims, Charges and/or Encumbrances, and all responses filed thereto, and having held hearing thereon as required by law, IT IS HEREBY ORDERED, ADJUDGED, DETERMINED, FOUND AND DECREED THAT:

1. Debtor is the owner of real estate located at 124 Eileen Drive, Pittsburgh, PA 15227 ("Real Property").

2. Based on a Property Report obtained by the Trustee, the liens and encumbrances against the Estate's interest in and to the said Real Property, in the order of their priorities, are as follows, to wit:

   (a) Current and past due taxes due to Allegheny County, Baldwin Boro, Baldwin-Whitehall School District, Legal Tax Service (as agent) and Jordan Tax Service (as agent).

   (b) A mortgage in favor of Bank of America[2] dated August 21, 2008 and recorded on August 25, 2008 in the Office of the Recorder of Deeds of Allegheny County in Mortgage Book Volume 35799, Page 580. Based on the Debtor's schedules, the balance due as of the date of the filing of the bankruptcy petition was $88,168.49.

---

[2] The mortgage was originally executed in favor of Countrywide Bank, FSB and assigned to Bank of America on October 13, 2010, which assignment was recorded in Mortgage Book Volume 38606, Page 59.

3. The scheduling of a party herein as a lien holder and/or interest holder, including but not limited to being scheduled as the holder of a lien, statutory, judicial or consensual, is without prejudice to the rights of the Trustee/Estate, and/or any party in interest to challenge the validity, extent, and/or priority thereof, and/or to challenge the claim as to the debt, and/or the amount alleged due and owing thereon.

4. The best interests of this Estate and its creditors will be served by this Court, pursuant to 11 U.S.C. §363(b), authorizing the sale of said Real Property, free and clear of all third party interests, liens, claims, charges and/or encumbrances against the same, specifically including but not limited to all liens and/or encumbrances, including but not limited to those of all parties named as Respondents hereto, including but not limited to the statutory, mortgage, and/or judicial liens of the Respondents hereto as set forth above, excepting only those rights of way, easements and restrictions of record or as are apparent from an inspection of the Real Property.

5. The Real Property is sold free and clear of all liens and/or encumbrances (judicial, statutory and consensual), security interests, claims, charges and interests, including ownership interests, all of which are divested from the Real Property, excepting only easements and rights of way, as well as restrictions, exceptions, reservations, and covenants of record and/or as an inspection of the Real Property would disclose.

6. The sale of the Real Property is in "AS IS", "WHERE IS" condition, without representations or warranties of any kind whatsoever, and the participation of the purchaser in the sale process constitutes an agreement and representation that the purchaser has inspected the Real Property, and is purchasing the same solely on the basis of such inspections, and not as the result of any representation of any kind whatsoever by the Estate/debtor, or its/her agents, except as otherwise set forth herein.

7. Closing shall occur on or before ten days from the date the Order of Sale becomes final, TIME BEING OF THE ESSENCE, with all such payments to be via certified check, cashier's check, or such other forms of assured and guaranteed payment as may be acceptable to the Trustee's counsel. Possession shall be delivered at closing.

8. In the event of the failure of the purchaser to remit payment in full within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in her sole and exclusive discretion, may accord to the purchaser) the Trustee may, at her option, declare a default, retain the deposit for the benefit of the Estate, and resell the Real Property, in which case the purchaser shall be liable for any deficiency, unless such inability to close is the result of the inability of the Trustee/Estate to have complied with the terms of this motion or the order approving the sale. The Trustee is hereby authorized (but not required) to sell the Real Property to the next highest bidder, and so on, in order to liquidate the Real Property for the benefit of the Estate.

9. Title shall be conveyed by Trustee's Special Warranty Deed, and the Trustee is, pursuant to §363(b), specifically accorded the authority to convey the Real Property described above, together with related rights of way and easements, under and subject to the existing rights of way, restrictions and easements, if any, as appear of record or as may be apparent from an inspection of the Real Property

10. The purchaser is deemed to have released any and all claims he/she/they may have against the Trustee/Estate, or any of them, or that he/she/they may hereafter acquire against them, or either of them, known and/or unknown, under federal and/or state law, for any environmental liability or claim, including but not limited to "CERCLA" or any similar statutes arising out of conditions in, on, or about the Real Property so purchased.

11. The Trustee has not given nor been given any consideration for her agreement hereto except as herein set forth.

12. The bankruptcy estate will receive $7,500 from the proceeds of the sale.

13. The purchaser shall pay the Trustee's liability insurance in an amount not to exceed $900.

14. The proceeds of sale of the Real Property shall be used as follows, to wit:

(a) to pay the costs of sale, specifically including but not limited to advertising, printing, mailing and notice fees;

(b) to pay any other such costs as may be properly incurred, if any, customary closing expenses, including sales commissions, and other such items as provided for in the motion or to effect said sale, and any real estate taxes, penalties, interest and costs for prior years as remain unpaid, as well as such amounts (if any) as may be due and owing upon statutory liens for water and/or sewage charges assessed by municipal authorities providing such services to said Real Property;

(c) to pay the Trustee's fees and Trustee's counsel fees (which fees shall be reserved for but not paid out until such fees are approved by the Court for payment after motion duly filed seeking such approval and authorization for payment); and

(d) to pay lien holders, if any, in the order of their priority, to the extent that the claim(s) are not disputed, and to the extent, if any, that a claim is disputed, the funds shall be retained pending further Order of Court.

All remaining funds shall be held by the Trustee pending further Order of this Court.

15. The sale of the Real Property to **Branton Properties, LLC**, or his, her or its designee for a consideration of **$75,000** is authorized, approved and confirmed.

16. The Court finds that the purchaser is held to be a good faith purchaser pursuant to 11 U.S.C. §363 and *In re Abbott's Dairies of Pennsylvania, Inc.,* 788 F2d 143 (C.A. 3rd 1986), entitled to all of the protections and benefits accorded such a buyer/purchaser pursuant to 11 U.S.C. §363(m).

17. The Court further finds that the sale hearing was duly advertised on the Court's website pursuant to W.PA.LBR 6004-1(c)(2) on March 23, 2017, in the Pittsburgh Legal Journal on March 28, 2017 and in the Pittsburgh Post-Gazette on March 27, 2017, as shown by the Proofs of Publication duly filed.

18. The Trustee shall file a Report of Sale within five days from the date of Closing, or as soon thereafter as is practicable.

   19. The Trustee is authorized and directed to make, execute and deliver such other documents as may be required to give effect hereto.

   20.  The stay imposed by Bankruptcy Rule 6004 (h) is waived.

                     BY THE COURT

                     _____
                     CARLOTA M. BÖHM
                     United States Bankruptcy Judge